PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE J. PONTEFRACT, | ) | |
| | ) | CASE NO. 4:16CV1409 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STEVEN MERLAK, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

*Pro Se* Petitioner Clyde J. Pontefract, an inmate at FCI Elkton, filed the above-entitled Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner was convicted, pursuant to a guilty plea, in 2008 in the U.S. District Court for the Western District of Louisiana on charges of sexual exploitation of children – production of child pornography. He was sentenced to 30 years in prison and supervised release for life. Petitioner's conviction was upheld on appeal by the U.S. Court of Appeals for the Fifth Circuit. *United States v. Pontefract*, 515 Fed.Appx. 327 (5th Cir. 2013). His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was denied in the Western District of Louisiana in October 2014. *United States v. Pontefract*, No. 2:08CR 0069-001, 2014 WL 5365362 (W.D.La. Oct. 20, 2014). In June 2015, the Fifth Circuit denied his request for a certificate of appealability. *United States v. Pontefract*, No. 14-31307 (5th Cir. June 23, 2015).

Petitioner has now filed the within Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 asking this Court to vacate his conviction and set aside his guilty plea. He contends he is

(4:16CV1409)

actually innocent because he did not understand the elements of his offense, specifically, the meaning of "lascivious exhibition of the genitals or pubic area (sexually explicit conduct)" and the definition of materials that have been mailed, shipped or transported in or affecting interstate commerce. ECF No. 1 at PageID #: 9, 25. He seeks relief under the safety valve provision of 28 U.S.C. § 2255.

### I. Standard of Review

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" Rice v. White, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. Hilton v. Braunskill, 481 U.S. 770, 775 (1987); *see also* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under 28 U.S.C. § 2243).

### II. Law and Analysis

Petitioner is not entitled to relief under 28 U.S.C. § 2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See*

2

(4:16CV1409)

Terrell v. United States, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge the legality of their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under § 2255. See Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 "is not an additional, alternative, or supplemental remedy" to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under § 2255 for those claims are unsuccessful. Id.

Section 2255 does contain a narrow exception to this rule which permits a federal prisoner, in rare circumstances, to challenge his conviction or the imposition of his sentence under § 2241. A federal prisoner can only use § 2241 to challenge his conviction or sentence if there is an intervening change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 209 (1952); Peterman, 249 F.3d at 462; In re Hanserd, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. See Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003); Peterman, 249 F.3d at 462; Bousley v. United States, 523 U.S. 614, 623 (1998)).

3

(4:16CV1409)

Petitioner acknowledges that there has been no change in the law rendering the conduct of which he was convicted no longer a crime.  He asks the Court to extend *Bousely* to cover cases in which the petitioner's attempts to gain relief under § 2255 have been rejected.  ECF No. 1 at PageID #: 5.  The Court cannot grant that request.  The Sixth Circuit has clearly stated that a remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive Motion to Vacate.  *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 756.  Petitioner cannot obtain relief from his guilty plea in a § 2241 Petition.

### III.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2016 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |